IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CSX TRANSPORTATION, INC.,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**TOTAL GRAIN MARKETING, LLC,** )<br>)<br>**Defendant.** ) | Case No. 11–cv–0171–WDS–SCW |

# ORDER

**WILLIAMS, Magistrate Judge:**

On March 27, 2012, the undersigned judge granted leave for Plaintiff CSX Transportation, Inc. (CSX) to Amend its Complaint, on the condition that CSX pay reasonable costs and fees to Defendant Total Grain Marketing, LLC (TGM) regarding the preparation for, and taking the deposition of, CSX's Rule 30(b)(6) deponent (Mr. Ferguson). (Doc. 48). TGM was directed to submit its bill of costs for that deposition. It did so on April 5, 2012. CSX objected to the bill of costs, and TGM replied to that objection April 24, 2012. For the following reasons, the undersigned **GRANTS IN PART and DENIES IN PART** TGM's bill of costs, and **DIRECTS** CSX, on or before 8/31/2012, to reimburse TGM in the amount of $2,052.13.

The current dispute over the bill of costs stems from CSX's production of a 1983 lease agreement between the two parties (who, in the instant case, are disputing the consequences of a 2009 train wreck). CSX's original Complaint relied on two theories: TGM's alleged negligence and indemnification under an agreement executed by CSX and TGM predecessors in 1972 (the 1972 Agreement). Ostensibly, under the 1972 Agreement, TGM (for purposes of this case) need indemnify CSX only if its negligence caused harm. CSX's Amended Complaint, while it maintains

negligence claims against TGM, relies not on the 1972 Agreement but on an indemnification provision found in the 1983 Agreement (which is, unsurprisingly, more favorable to CSX).

TGM's bill of costs, as submitted, totaled $3,198.63. Included in that bill were a transcript fee of $756.50, as well as a $390 assessment for three hours of deposition time. Those costs, as TGM points out, are not duplicative and would have been incurred by TGM whether or not the '83 Agreement was disclosed at the beginning of the case. Ferguson (or another 30(b)(6) deponent) would have been deposed regarding potential negligence as well as the scope of the operative agreement between the parties. The totals will be deducted from TGM's bill of costs

Insofar as CSX's objection asks the Court to reconsider whether costs were appropriate at all, the Court declines. Mr. Ferguson has already been re-deposed, and the cost of the inefficiency of multiple depositions caused by CSX's late-game disclosure of the 1983 agreement should be borne by CSX.

For the foregoing reasons, the Court **GRANTS IN PART and DENIES IN PART** TGM's Bill of Costs (Doc. 54). The Court will reduce the $3,198.63 originally sought by TGM by the amount of the transcript fee ($756.50) and three hours of depositions ($390.00). Therefore, CSX SHALL compensate TGM in the amount of **$2,052.13** on or before August 17, 2012.

**IT IS SO ORDERED.**
**DATE: August 3, 2012**                    /s/ *Stephen C. Williams*
                                            **STEPHEN C. WILLIAMS**
                                            United States Magistrate Judge