IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CSX TRANSPORTATION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11–cv–0171–WDS–SCW |
| ) | |
| TOTAL GRAIN MARKETING, LLC, ) | |
| ) | |
| Defendant. ) | |

# REPORT & RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

This case comes before the Court on two motions: Defendant Total Grain Marketing, LLC's (TGM's) Motion for Sanctions Pursuant to Federal Rules of Civil Procedure 16 and 37 (Doc. 38), and TGM's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 (Doc. 43). The matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge William D. Stiehl pursuant to Judge Stiehl's March 27 Order (Doc. 46), 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation. For the following reasons, it is **RECOMMENDED** that both motions (Doc. 38 and Doc. 43) be **DENIED**.

The instant motions refer to essentially the same facts and issues. CSX's original complaint relied on two theories: TGM's alleged negligence and indemnification under a 1972 agreement (the 1972 Agreement) between CSX's and TGM's predecessors. Ostensibly, under the 1972 Agreement, TGM (for purposes of this case) need indemnify CSX only if its negligence caused harm. CSX's Amended Complaint relies on a later document: a 1983 lease (the 1983 Agreement) that contains an indemnification provision more favorable to CSX. The underlying controversy behind the instant motions for sanctions is that CSX's disclosure of the 1983 Agreement was untimely — it was disclosed to CSX's attorneys (and three days later to TGM) in January 2012. The

undersigned judge — on the condition that CSX paid for any unnecessarily redundant discovery sparked by the unearthed 1983 Agreement — allowed CSX to incorporate the 1983 Agreement into its Amended Complaint. (*See* Doc. 48).

In the first instant motion, TGM asks the Court to award it expenses, including attorneys' fees, that TGM had incurred defending the case before the 1983 Agreement was unearthed. Additionally, TGM asks the Court to dismiss CSX's complaint. In the second motion, TGM asks for the same relief: all attorneys' fees and expenses, plus dismissal. The motions having ripened and the entire record thoroughly reviewed, the undersigned recommends as follows.

## ANALYSIS

TGM has asked for sanctions against CSX pursuant to Federal Rule of Civil Procedure 16 (which incorporates Rule 37), and to sanction CSX's attorneys pursuant to Rule 11.

Rule 16 provides, in pertinent part, that the court may, on its own or on motion, issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney fails to obey a scheduling or other pretrial order. **FED. R. CIV. P. 16(f)(1)(C).** As pertinent here, Rule 37 authorizes the drastic sanction of dismissal. **FED. R. CIV. P. 37(b)(2)(A)(v).**[1] **See also Rice v. City of Chi., 333 F.3d 780, 785–86 (7th Cir. 2003) ("the ultimate sanction of dismissal should be involved only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable.") (internal quotation marks and citations omitted).** Rule 16 further requires the court to assess reasonable expenses, including attorney's fees, incurred because "of any noncompliance with [Rule 16], unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." **FED. R. CIV. P. 16(f)(2).**

---

[1] Though Rule 37 also allows sanctions when a party fails to provide information as required by Rules 26(a) and (e), the undersigned has already found that CSX — without bad faith or dilatory motive — produced the 1983 Agreement upon its discovery, thus comporting with Rule 26(e)'s requirement to supplement discovery as new responsive information becomes available.

Under Rule 11, an attorney, by presenting to the court a pleading, written motion, or other paper, certifies — to the best of his knowledge, information, and belief — that it is not being presented for any improper purpose (such as harassment, unnecessary delay, or increasing the cost of litigation).  **FED. R. CIV. P. 11(b)(1).**  Rule 11 allows the court to impose "an appropriate sanction."  **FED. R. CIV. P. 11(c)(1).**  For the purposes of the instant motion, where TGM has asked for dismissal and all fees and expenses (*see* Doc. 43), the Rule 11 sanctions overlap with the possible sanctions available via Rules 16 and 37.  Courts may assess fees and expenses, ***Brandt v. Schal Assocs., Inc.*, 960 F.2d 640, 645–46 (7th Cir. 1992)**, or dismiss the case outright, ***Jimenez v. Madison Area Technical Coll.*, 321 F.3d 652, 656–57 (7th Cir. 2003)**.  **See also *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 404 (1990) (Rule 11's goal is "specific and general deterrence").**  Of course, Rule 11 does not allow boundless sanctions: "[a] sanction imposed under [Rule 11] must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."  **FED. R. CIV. P. (c)(4); *Jimenez*, 321 F.3d at 657.**

Here, dismissal is not warranted.  Though there was some delay in discovery, the instant situation is not an "extreme" one.  The record does not indicate intentional or repeated delays, rather one incident where CSX failed to produce the correct document.  And CSX's conduct, while not particularly diligent, has not been "contumacious."[2]  ***Rice*, 333 F.3d at 785–86**.  As the undersigned found when granting CSX leave to amend its complaint, CSX would gain little by the absence of a document which it now believes improves its odds of recovering damages, and the tardiness of the 1983 Agreement's disclosure was not due to bad faith or dilatory motive, or meant to harass TGM.  (*See* Doc. 48, p. 1).  Full dismissal — "the ultimate sanction" — would also, therefore, be disproportionate.  **See *id.* at 786 (the "harsh sanction" of dismissal should only be**

---

[2] "Contemning and obstinately resisting authority; stubbornly perverse, insubordinate, rebellious." **Contumacious Definition, OXFORD ENGLISH DICTIONARY,** http://www.oed.com/view/Entry/40619?redirectedFrom=contumacious#eid (last visited August 3, 2012).

**employed as a last resort)**. Finally, dismissal would not serve to deter similar conduct by CSX's attorneys (whom the Rule 11 motion targets) in the future: the failure to disclose the 1983 Agreement earlier was with their clients, not with counsel.

And monetary sanctions should not be assessed here against CSX. CSX has already paid for the delay it caused: as a condition of amending their complaint, CSX was assessed over $2,000 for TGM's costs of unnecessarily repetitious discovery. Any award under Rules 16 and 37 would be redundant, and — in these circumstances — would therefore be unjust. **FED. R. CIV. P. 16(f)(2).** And Rule 11 does not serve as a proper vehicle for monetary sanctions against CSX's attorneys, who as discussed above were not responsible for the tardy disclosure of the 1983 agreement, and are thus ill-fitted subjects for deterrent action by the Court. *See Jimenez*, 321 F.3d at 657. In short, neither dismissal nor monetary sanctions are appropriate in the instant case, and TGM's motions (Doc. 38 and Doc. 43) should be **DENIED**.

## CONCLUSION

For the foregoing reasons, it is respectfully **RECOMMENDED** that Defendant TGM's Motion for Sanctions Pursuant to Rules 16 and 37 (Doc. 38) be **DENIED**, and that TGM's Motion for Sanctions Pursuant to Rule 11 (Doc. 43) also be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004). <u>Objections to this Report and Recommendation must be filed on or before August 20, 2012</u>. *See* FED. R. CIV. P. 6(d); SDIL-LR 5.1(c).

IT IS SO RECOMMENDED.  /s/ *Stephen C. Williams*
DATE: <u>August 3, 2012</u>  STEPHEN C. WILLIAMS
  United States Magistrate Judge



PURSUANT to Title 28 U.S.C. §636(b) and Rule 73.1(b) of the Local Rules of Practice in the United States District Court for the Southern District of Illinois, any party may serve and file written OBJECTIONS to this Report and Recommendation/ Proposed Findings of Fact and Conclusions of Law within fourteen (14) days of service.

**Please note**: **You are not to file an appeal as to the Report and Recommendation/Proposed Findings of Fact and Conclusions of Law**. At this point, it is appropriate to file **OBJECTIONS**, if any, to the Report and Recommendation/ Proposed Findings of Fact and Conclusions of Law. An appeal is inappropriate until after the District Judge issues an Order either affirming or reversing the Report and Recommendation/ Proposed Findings of Fact and Conclusions of Law of the U.S. Magistrate Judge.

Failure to file such OBJECTIONS shall result in a waiver of the right to appeal all issues, both factual and legal, which are addressed in the Report and Recommendation/Proposed Findings of Fact and Conclusions of Law. *Video Views, Inc. v Studio 21, Ltd. and Joseph Sclafani, 797 F.2d 538 (7th Cir. 1986).*

**You should e-file/mail your OBJECTIONS to the Clerk, U.S. District Court at the address indicated below:**

☐ 301 West Main St.  ☒ 750 Missouri Avenue
  Benton IL 62812        P.O. Box 249
                         East St. Louis, IL  62202

Revised 12/1/2009
SDIL-CV26