IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CSX TRANSPORTATION, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO.  11-CV-171-WDS |
| | ) |
| TOTAL GRAIN MARKETING, LLC, | ) |
| Defendant. | ) |
| | ) |

### ORDER

**STIEHL, District Judge:**

Before the Court is plaintiff's motion to amend the schedule for filing a motion for bifurcation and to a set schedule for filing a motion for reconsideration (Doc. 128). The Court held a status conference on August 21, 2013, at which time the Court informed the plaintiff that if it intended to file a motion for bifurcation of the trial, such motion would be due on or before September 4, 2013, and defendant's response would be due on or before September 11, 2013. Plaintiff requests that the deadline for the motion for bifurcation be extended until September 18, 2013, and the response deadline extended until September 25, 2013. Plaintiff asserts that defendant consents to the above request.

Plaintiff also notes that at the status conference, the Court indicated that it would "consider a motion for reconsideration" of the Court's previous summary judgment ruling with respect to the application of liability provisions contained in the 1983 Lease Agreement. The plaintiff then asserts that the Court "granted leave to file the motion for reconsideration" but no briefing schedule was set. Plaintiff requests leave to file a motion, "seeking reconsideration or bifurcation

in the alternative," keeping the same briefing schedule as requested above.

The Court did not grant leave to plaintiff to file a motion for reconsideration by stating that it would "consider reconsidering." At this point in the proceedings, the Court has issued its ruling on the motions for summary judgment. Furthermore, the standards for filing or granting a motion for reconsideration or a renewed motion for summary judgment are clearly identified in the Federal Rules of Civil Procedure and the caselaw within the Seventh Circuit.

The Federal Rules of Civil Procedure provide two ways in which a party may seek reconsideration of the merits of an order of the Court, namely, Rule 59(e) or Rule 60(b). *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir.1992). Under Rule 59(e), a litigant may move the Court to alter or amend a judgment, based on newly discovered evidence, an intervening change in the controlling law or manifest error of law or fact. *See Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995); Fed.R.Civ.P. 59(e). Judgment has not been entered in our case, rendering Rule 59(e) inapplicable.

Furthermore, with respect to Fed. R. Civ. P. 60(b), the Seventh Circuit has explained that "Rule 60(b)(1) permits the court in the exercise of discretion to relieve a party from an order on the grounds of mistake, inadvertence, or excusable neglect, and Rule 60(b)(6) covers 'any other reason justifying relief from the operation of the judgment.'" *Longs v. City of South Bend*, 201 Fed.App'x 361, 364 (7th Cir. 2006) (quoting *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir.2000)). Relief pursuant to this rule, however, "is regarded as an extraordinary remedy which is granted only in exceptional circumstances." *Id*.

Additionally, the Seventh Circuit has noted that "[t]he standard for relief under Rule 60(b)(6) is even more demanding. To justify relief under subsection (6), a party must show 'extraordinary circumstances.'" *Id.* (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assocs.*, 507 U.S. 380, 393 (1993)). "Further, the 'typical' Rule 60(b)(6) case is one where 'there *just is no way* the

party seeking to set aside the judgment *could have discovered the ground* for doing so within a year of its entry,' as required by Rule 60(b)(1), (2), and (3)." *Id*. (emphasis added) (quoting *Lowe v. McGraw–Hill Cos.*, 361 F.3d 335, 342 (7th Cir.2004)). Rule 60(b)(6) would not be applicable in this case because, should plaintiff decide to file a motion for reconsideration within the deadline set by the court, the motion will have been brought within one year.

The Seventh Circuit has also instructed:

> A motion for reconsideration allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact. The motion for reconsideration is not an opportunity for a party to correct its own procedural failures or introduce evidence that should have been brought to the attention of the court prior to judgment.

*Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, 188 F.3d 427, 439 (7th Cir. 1999) (internal quotation omitted).

Moreover, "[t]he denial of summary judgment is not a final judgment, rather, it is an interlocutory order." *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995). Accordingly, "the denial of summary judgment has no res judicata effect, and the district court may, in its discretion, allow a party to renew a previously denied summary judgment motion or file successive motions, particularly if good reasons exist." *Id.* If one of the following grounds exists, a renewed of successive summary judgment motion is especially appropriate: "(1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or prevent manifest injustice." *Id.*

The Court encourages the plaintiff to carefully review the rules and caselaw, and proceed with a motion for reconsideration or renewed summary judgment motion only if it is appropriate and falls within the limited scenarios described therein. Additional resources should not be expended for a motion that cannot meet the limited grounds for this Court to reconsider its Order.

Accordingly, the Court **GRANTS** the plaintiff's motion (Doc. 128), as follows: plaintiff **SHALL** file its motion for bifurcation on or before September 18, 2013, and defendant **SHALL** file its response on or before September 25, 2013. Should plaintiff determine that a motion for reconsideration or renewed summary judgment motion is appropriate, a properly supported motion shall be filed separately from its motion for bifurcation. Any motion for reconsideration or renewed summary judgment shall be filed on or before September 18, 2013, and defendant **SHALL** file its response on or before September 25, 2013.

**IT IS SO ORDERED.**

**DATE: August 30, 2013**

/s/  WILLIAM D. STIEHL
        DISTRICT JUDGE