IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CSX TRANSPORTATION, INC.,        )
                                 )
    Plaintiff,                   )
                                 )
v.                               )        No. 11-CV-171-WDS
                                 )
TOTAL GRAIN MARKETING, LLC,      )
                                 )
    Defendant.                   )

## ORDER

**STIEHL, District Judge:**

    This action arises from the derailment of several railcars. The parties dispute who should indemnify whom for the property damage they each incurred. The Court previously denied plaintiff CSX Transportation, Inc.'s motion for partial summary judgment because a conflict between the indemnity provisions in two different agreements created ambiguity about which provision applied, which precluded summary judgment. Plaintiff now renews its motion for partial summary judgment (Doc. 135) and asks that oral argument be held (Doc. 136). Defendant has filed a response (Doc. 140). The facts of this case are fully discussed in the Court's previous order and will not be repeated here (Doc. 110). The Court will use the same abbreviations as before to refer to the parties' agreements (*'72 Agreement*, *'83 Agreement*, and *2006 Assumption*).

    Plaintiff's general argument in this case is that the indemnity provision in the '83 Agreement requires defendant to entirely indemnify plaintiff for its damages regardless of whose negligence caused the derailment. In its original motion for partial summary judgment, plaintiff argued that defendant's conduct in making lease payments and paying for maintenance of the track in accordance with the '83 Agreement was evidence that defend-

ant intended for the '83 Agreement to govern the parties' relationship. Plaintiff further noted that the agreements were not executed at the same time or for the same purpose, and should therefore not be read together as a single instrument. Plaintiff also argued that the "Track Lease-Storage Only" language used in the 2006 Assumption[1] to refer to the '83 Agreement did not limit the scope of the '83 Agreement to *storage only*—plaintiff called that language a "very cryptic and abbreviated description."

Nevertheless, the Court found that both indemnity provisions from the '72 Agreement and the '83 Agreement applied to the track and switch where the accident occurred, and that the 2006 Assumption republished both agreements, resulting in a contract with conflicting clauses regarding liability and indemnity. The parties' final agreement was therefore ambiguous as a matter of law, and the intent of the parties, which was thoroughly contested, was a question of fact for the jury.

In its renewed motion, plaintiff believes the Court erred. It is within the district court's discretion whether to allow a renewed or successive motion for summary judgment. *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995). A renewed motion is especially appropriate when there is an intervening change in controlling law; new evidence or an expanded factual record; or a need to correct a clear error or prevent manifest injustice. *Id.* But the Seventh Circuit has more broadly stated that "[a] judge may reexamine his earlier ruling … if he has a conviction at once strong and reasonable that the earlier ruling was wrong, and if rescinding it would not cause undue harm to the party that had benefited from it." *Avitia v. Metro. Club of Chi., Inc.*, 49 F.3d 1219, 1227 (7th Cir. 1995); *HK Sys., Inc. v. Eaton Corp.*, 553 F.3d 1086, 1089 (7th Cir. 2009); *see also Runyon v. Applied Extrusion Techs., Inc.*, 619 F.3d 735, 739 (7th Cir. 2010).

The Court is not persuaded that its earlier ruling was wrong. Plaintiff claims that the indemnity clauses are not ambiguous because the context (or purpose) of each agree-

---

[1] Specifically, the language was used in Schedule A of the 2006 Assumption.

ment was different, and republishing the agreements with the 2006 Assumption did not result in a single new contract without regard to those contexts. Plaintiff explains that the 2006 Assumption identifies each agreement by its type, specifically referring to the 1983 Agreement as a "Track Lease-Storage Only" agreement, and urges the Court to give meaning and effect to that language. Plaintiff further explains that each agreement was for a different purpose. The '72 Agreement was for building track and for using the track to load grain into railcars. The '83 Agreement was a lease agreement that allowed defendant to store railcars for grain shipment. The accident at issue in this case, plaintiff argues, arose from storage and so is governed by the '83 Agreement. Plaintiff asserts that defendant stored the railcars on the track until it could load them, loaded them, then stored them on the track until plaintiff could pick them up. Plaintiff reiterates that the 2006 Assumption republishes the terms of each agreement "intact." Plaintiff adds, by way of explanation, that republishing its prior agreements through an assumption agreement is its standard business practice.

The Court does not find that plaintiff's argument is cause for a renewed motion. These arguments were substantially made before, or could have been. Regarding the identification of each agreement by its type, plaintiff dismissed that language as "very cryptic and abbreviated" in its previous motion, yet now urges the Court to give meaning and effect to that language. Plaintiff's own difficulty in deciding the meaning of the language hardly recommends resolving the question as a matter of law. More importantly, though, plaintiff does not show that the different contexts of the agreements is sufficient to resolve the conflict between the indemnity provisions *as a matter of law*. It is plaintiff's burden to show it is entitled to judgment as a matter of law, *see* Fed. R. Civ. P. 56(a), not merely to put forth a reasonable or plausible interpretation of the agreements. And even if the Court were to accept plaintiff's argument and interpret each agreement according to its original context, defendant denies it was using the track for storage. It claims it was using the track

for loading railcars. That is a genuine dispute as to a material fact. If a jury decides that defendant was using the track for loading and not for storage, then by plaintiff's reasoning in this motion the '72 Agreement and its indemnity provision will apply.

Plaintiff also argues that the '83 Agreement was intended to take precedence over the '72 Agreement. Plaintiff explains that defendant had no obligation to pay rent or to pay for maintenance under the '72 Agreement, but it did under the '83 Agreement. Since defendant was paying rent and covering maintenance, plaintiff suggests that the parties intended for '83 Agreement to apply over the '72 Agreement. Yet this argument was addressed in the Court's previous order. Defendant disputes that it was acting pursuant to the '83 Agreement. Again, plaintiff does not meet its burden of showing there is no genuine dispute as to any material fact. *See* Fed. R. Civ. P. 56(a).

Lastly, plaintiff argues that the later '83 Agreement supersedes all conflicting terms in the earlier '72 Agreement because "[a] complete, valid, written contract merges and supersedes all prior and contemporaneous negotiations and agreements dealing with the same subject matter." *Courtois v. Millard*, 529 N.E.2d 77, 79 (Ill. App. Ct. 1988); *accord Aon Corp. v. Utley*, 863 N.E.2d 701, 705 (Ill. App. Ct. 2006) ("When a subsequent contract relates to the same subject matter and contains the same terms as a previous contract, the actions of the parties are based on the provisions of the subsequently executed contract."). That rule, however, pertains to an old contract followed by a new contract, whereas here both agreements were simultaneously republished with the 2006 Assumption ("All other terms contained in the Agreement(s) shall remain as if republished herein."). Plaintiff's notion that the parties must have intended that the '83 Agreement supersede the '72 Agreement since the 2006 Assumption refers to each agreement by date is not plausible. It is more likely that the parties used the dates simply to refer to the different agreements, just as they have done in their motions and briefs in this case.

The Court **FINDS** that plaintiff's renewed motion does not show there is no genu-

4

ine dispute as to any material fact and plaintiff is entitled to judgment as a matter of law. Plaintiff's renewed motion for partial summary judgment (Doc. 135) is **DENIED**. Its motion for oral argument (Doc. 136) is also **DENIED**.

**IT IS SO ORDERED.**

**DATED: <u>January 27, 2014</u>**

**<u>/s/ WILLIAM D. STIEHL</u>**
**DISTRICT JUDGE**
