IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11-cv-0171-MJR-SCW |
| | ) | |
| TOTAL GRAIN MARKETING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER
REGARDING "MOTIONS IN LIMINE" AT DOCS. 131 & 145

REAGAN, District Judge:

Upon receipt of this case from the docket of Judge William D. Stiehl, the undersigned issued an Order (a) noting that the discovery deadline and dispositive motion filing deadline had long expired, (b) setting a jury trial and final pretrial conference, and (c) setting a deadline for submission of proposed jury instructions. *See* Doc. 161, 2/12/14. One week later, the Court issued an Order denying CSX's September 18, 2013 motion to bifurcate trial. *See* Doc. 162, 2/19/14. Still pending before the Court are ten motions in limine. This Order denies (at this time, in the current form) two of those motions, as more fully explained below.

The purpose of a motion in limine is to allow the trial court to rule on the relevance and admissibility of evidence before it is offered at trial, thereby avoiding the injection of irrelevant, prejudicial or immaterial matters. *See Luce v. United States*, **469 U.S. 38, 41, n.4 (1984)("although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's**

inherent authority to manage the course of trials"); Fed. R. Evid. 104(a)("Preliminary questions concerning the qualification of a person to be a witness ... or the admissibility of evidence shall be determined by the court...."); 2 Litigating Tort Cases § 19:9 (rev. 2013).

Motions in limine aid the trial process by ensuring a fair trial for all parties and "by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir. 1996). Motions in limine also may save the parties time, effort and cost in preparing and presenting their cases. *Pivot Point Intern., Inc. v. Charlene Products, Inc.,* 932 F. Supp. 220, 222 (N.D. Ill. 1996). The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, "for any purpose." *Plair v. E.J. Brach & Sons, Inc.,* 864 F. Supp. 67, 69 (N.D. Ill. 1994).[1]

So a motion in limine is a tool properly used to prevent the introduction of prejudicial or irrelevant evidence at trial. These general principles are mentioned here, because two of the pending motions in the case *sub judice* – although labeled as motions in limine – do not appear to be that, and instead appear to be more properly categorized as discovery-related motions.

---

[1] Often, however, the better practice is to wait until trial to rule on objections to evidence, particularly when admissibility substantially depends upon facts which may be developed there. *See Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6th Cir.), *cert. denied,* 423 U.S. 987 (1975).

TGM's **"Motion in Limine Regarding Plaintiff's Assertions of Attorney-Client Privilege" (Doc. 131, filed 9/10/13)** asks the Court to decide whether CSX's lawyers can invoke the attorney-client privilege "to prevent TGM attorneys from learning about facts and opinions … discussed during conversations CSX's attorney had with non-party fact witnesses, who were neither current employees of CSX nor individuals that previously fell within the 'control-group' of CSX" (*id.*, p. 1). TGM asks the Court to rule that CSX cannot invoke attorney-client privilege in this manner and that conversations between attorneys for CSX with Cletis Summers and Wayne Mitchell are discoverable and must be disclosed. "In the present case, the circumstances do not reflect a cognizable attorney-client relationship sufficient to allow the assertion of attorney-client privilege to prevent the disclosure of conversations regarding facts and/or opinions relevant to this matter between attorneys for CSX (and their agents) and Mr. Summers or Mr. Mitchell," argues TGM (*id.*, p. 3).

Unlike other true or standard motions in limine pending here (*e.g.*, to bar CSX from mentioning insurance, to bar CSX from referencing the burden of proof in a criminal trial, or to bar CSX from using introducing particular invoices at trial, *see* Docs. 146-148), TGM's 9/10/13 motion (Doc. 131) asks the Court to determine that certain facts and opinions are not cloaked by privilege and thus are discoverable and must be disclosed. The Court hereby **DENIES** Doc. 131, because it was improperly filed as a motion in limine. TGM is **GRANTED LEAVE** to **RE-FILE** this motion (not captioned as a motion in limine) by March 1, 2014. CSX may **RESPOND** thereto by March 15, 2014.

The same reasoning applies to **TGM's 11/18/13 motion asking to preclude CSX from calling Dean Menefee as a witness at trial (Doc. 145).** This is neither a motion in limine seeking a ruling as to whether evidence is prejudicial, relevant, or immaterial, nor a *Daubert* motion seeking to exclude an expert's opinion as junk science.[2] To the contrary, Doc. 145 is a discovery-related motion which asks that the Court disallow CSX to call Mr. Menefee, because Menefee was not timely disclosed under Federal Rule of Civil Procedure 26 and thus should be barred under Rule 37(c)(1).

TGM argues that CSX did not identify Menefee in the initial disclosures or any supplements thereto, that CSX first mentioned Menefee on July 31, 2013, over one year *after* the discovery deadline expired, and that TGM "immediately objected to Mr. Menefee being a CSX trial witness based on the lack of the prior disclosure" (Doc. 145, p. 1).[3]

The Court **DENIES** Doc. 145, as improperly filed via "motion in limine." TGM is hereby **GRANTED LEAVE** to **RE-FILE** this motion (not captioned as a motion in limine) by March 1, 2014. CSX may **RESPOND** thereto by March 15, 2014.

---

[2] The deadline for filing *Daubert* motions has passed herein.

[3] Doc. 145 does contain a reference to an alternative ground for barring Mr. Menefee at trial – Federal Rule of Evidence 403 (a court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice or undue delay). Any argument regarding unfair prejudice is undeveloped and merits denial. ***See, e.g., Williams v. Dieball*, 724 F.3d 957, 962 (7th Cir. 2013)("His motion in limine did nothing more than give a barebones recitation of the relevant standard.… It did not explain how or why the balancing test should result in exclusion.")** As to undue delay, the motion simply repeats the argument that the disclosure was untimely under Rule 26(a)(1).

Having concluded that the issues presented in these two motions are discovery-related issues not properly raised via motion in limine, and assuming TGM re-files Docs. 131 and 145 by the March 1st deadline, the undersigned hereby **REFERS** these issues to Magistrate Judge Williams for resolution.  The undersigned District Judge will rule on the remaining eight motions in limine (Docs. 146, 147, 148, 149, 150, 151, 152, 153) at, or just prior to, the final pretrial conference.

IT IS SO ORDERED.

DATED February 19, 2014.

                                              s/ Michael J. Reagan
                                              Michael J. Reagan
                                              United States District Judge